| | |
|---|---|
| PROB 12C<br>(06/17) | March 21, 2022<br>pacts id: 1777141 |

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Edgar Armando Rosales (Spanish)  **Dkt. No.:** 15CR02088-001-BAS

**Reg. No.:** 50483-298

**Name of Sentencing Judicial Officer:** The Honorable Cynthia Ann Bashant, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony

**Date of Revocation Sentence:** November 15, 2021

**Sentence:** Time served (64 days) and 24 months of supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** November 15, 2021

**Asst. U.S. Atty.:** Timothy D. Coughlin    **Defense Counsel:** Keith Rutman
(Appointed)
(619) 237-9072

**Prior Violation History:** Yes. See prior court correspondence.

---

**PETITIONING THE COURT**

**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On February 22, 28, and March 9, 2022, Mr. Rosales failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at the U.S. Probation Office, as required. |
| | 2. On or about March 1, 2022, Mr. Rosales used a controlled substance, as evidenced by the urine sample he submitted at the U.S. Probation Office on March 1, 2022, which confirmed positive for Benzoylecgonine – cocaine metabolite. |
| **(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

***Grounds for Revocation:*** As to Allegation 1, on November 30, 2021, the probation officer reviewed written instructions for drug testing with Mr. Rosales, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Rosales was instructed to call the drug testing line after 8:15 p.m. the day before each drug testing day and report for drug testing when required to do so by the automated testing line recording. I have received and reviewed the Chain of Custody for Drug Analysis forms, which confirm Mr. Rosales failed to submit a drug test, on the above-noted dates, as required.

As to Allegation 2, I have received and reviewed written laboratory notification from Alere Toxicology Services, which verifies the urine specimen provided by the offender on March 1, 2022, confirmed positive for Benzoylecgonine – cocaine metabolite.

**VIOLATION SENTENCING SUMMARY**

**SUPERVISION ADJUSTMENT**

Mr. Rosales commenced his second term of supervised release on November 15, 2021, and he was granted permission to reside with his family in Tijuana, B.C., Mexico. The offender was placed on formal drug testing to monitor any drug use given his drug history and previous non-compliance. Mr. Rosales failed to drug test on December 20, 20221, and January 10, 2022, but they were both excused as he submitted two drug tests soon after and both drug tests returned negative. The offender was advised the probation officer would not excuse any further drug tests moving forward. As noted above, Mr. Rosales failed to drug tests on three occasions, and he ultimately submitted a positive drug test for cocaine.

The offender adamantly denies consuming cocaine or any other illicit drug and attributed his positive drug test to medication prescribed to him, but he has failed to provide the prescription to the probation officer. More importantly and of concern is that the drug test submitted confirmed positive for cocaine.

On March 10, 2022, the probation officer met with Mr. Rosales to discuss his positive drug test and again he denied any illicit drug use. Mr. Rosales informed the undersigned officer that should the drug test confirm positive for cocaine, he will not participate in any drug treatment program and would rather go back to custody and finish his time. Thus, his adjustment to supervised release is considered poor.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Rosales is 30 years-old and he currently resides with his family in Tijuana, B.C., Mexico. The offender is in a common-law relationship, and they have two children together ages eight and two years old. Mr. Rosales is currently employed full-time with a construction company in San Diego, California. The offender has a drug history consisting of marijuana, methamphetamine, and most recently cocaine, which he adamantly denied, and he express no interested in drug treatment services.

Mr. Rosales does not have any prior convictions. However, the court was informed during the last court hearing that Mr. Rosales was rearrested in December 2018 for vehicular manslaughter charge in Mexico and case was dismissed in June 2021.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (failure to report for drug testing, and drug use (cocaine)) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure . . . an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3565(a)(2).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960. The court has imposed 64 days in custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

A bench warrant is recommended given Mr. Rosales' continued drug use and failure to participate in drug treatment, which poses a risk to himself and others in the community. Mr. Rosales resides in Mexico and is therefore considered a flight risk.

## RECOMMENDATION/JUSTIFICATION

Mr. Rosales appears before Your Honor as he continues to violate the Court's trust with his ongoing drug use and failure to drug test when required. Of concern is that Mr. Rosales denies his drug use and has made it very clear he will not participate in drug treatment. Should the offender be found in violation of his conditions of supervised released, it is respectfully recommended that supervision be revoked, and Mr. Rosales be sentenced to nine months in custody with no supervision to follow.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: March 21, 2022

| | |
|---|---|
| Respectfully submitted:<br>DANIEL J. KILGORE<br>CHIEF PROBATION OFFICER | Reviewed and approved: |
| by *Gregorio Lopez* (signature)<br>Gregorio Lopez<br>U.S. Probation Officer<br>(619) 409-5134 | *Dawn M. Bachtold* (signature)<br>Dawn M. Bachtold<br>Supervisory U.S. Probation Officer |

*mtn*

PROB12CW                                                                                                  March 21, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Rosales, Edgar Armando

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  15CR02088-001-BAS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Failure to report for drug testing | C |
   | Drug use (cocaine) | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                              [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                                     [   I   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                         [   3 to 9 months   ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine($) | _____ | Home Detention | _____ |
   | Other | _____ | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Edgar Armando Rosales | March 21, 2022 |
| Docket No.: 15CR02088-001-BAS | Page 6 |

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____

*Cynthia Bashant* (signature)

The Honorable Cynthia Ann Bashant
U.S. District Judge

3/25/2022
Date